Filed 7/10/24  P. v. Brown CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>MCKENZIE LAURARENEE BROWN,<br><br>     Defendant and Appellant. | D082826<br><br><br>(Super. Ct. No. SCD290671) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed and remanded with directions.

Melanie L. Skehar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

McKenzie Laurarenee Brown pled guilty to accessory after the fact and grand theft from a person in connection with robbery-murder.  Brown

received a split sentence of one year and eight months in custody followed by one year of mandatory supervision.  She challenges, as both unconstitutionally overbroad and invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), the Fourth Amendment waiver in the order granting mandatory supervision.  The waiver requires Brown to submit her computers and other electronic devices for search "at any time with or without a warrant, and with or without reasonable cause, when required by [a parole] or law enforcement officer."  We resolve this matter by memorandum opinion and affirm.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)  We remand, however, for the trial court to consider Brown's letter under *People v. Fares* (1993) 16 Cal.App.4th 954 (*Fares*) concerning presentence custody credits to the extent it has not already done so.

## I.

First, although she did not object to the constitutionality of the Fourth Amendment waiver below, Brown contends she preserved her claim of unconstitutional overbreadth by objecting at the sentencing hearing to the lack of nexus between her crimes and the search condition.

Generally, a failure to object to a probation condition on a ground, even a constitutional one, at the sentencing hearing forfeits that specific claim on appeal.  (*People v. Welch* (1993) 5 Cal.4th 228, 234-235 (*Welch*).)  Constitutional claims preserved for appeal without an objection "generally involve pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court."  (*Id.* at p. 235.)  Such "facial" challenges to the constitutionality of a probation condition, which argue that there is no circumstance in which the condition can be validly applied, are distinct from "as-applied" challenges, which rely on a

2

case's particular facts to determine whether a probation condition is constitutional as to a single defendant. (*People v. Mitchell* (2012) 209 Cal.App.4th 1364, 1378.)

Brown's reliance on *In re J.E.* (2016) 1 Cal.App.5th 795 (*J.E.*) to support her claim of nonforfeiture is misplaced. Our Supreme Court granted review of the appellate decision in *J.E.* and ultimately transferred it back to the court of appeal with directions to vacate and reconsider its decision. *J.E.* is accordingly uncitable as authority. (Cal. Supreme Ct., Admin. Order 2021-04-21, Standing Order Exercising Authority Under California Rules of Court, rule 8.1115(E)(3)). To the extent Brown relies on *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143 (*Shaun R.*), for its statement that "the failure to object on the ground that a probation condition is unconstitutionally vague or overbroad is not forfeited on appeal," *Shaun R.* fails to fully acknowledge *Welch*'s general rule, noted above. (See *Welch,* 5 Cal.4th at pp. 234-235.) We thus conclude the cases on which Brown relies fail to support her claim of nonforfeiture.

The case law is clear that electronic search conditions can be constitutionally valid; accordingly, the condition is not facially unconstitutional. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1128-1129 (*Ricardo P.*) [collecting cases].) Instead, the condition Brown challenges requires us to delve into the facts and the sentencing record to determine its validity as applied to Brown specifically. (See *Welch,* 5 Cal.4th. at pp. 234-235.) We accordingly agree with the People that Brown forfeited her claim when she failed to specifically object to the probation condition as unconstitutionally overbroad.

## II.

Second, Brown contends the probation condition is invalid under *Lent*.

3

We review the validity of probation conditions for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) We will not invalidate a probation condition "unless it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." (*Lent*, 15 Cal.3d at p. 486 [cleaned up].) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate" a condition. (*Olguin,* 45 Cal.4th at p. 379.) Thus, a condition that "requires or forbids conduct which is not itself criminal" is nonetheless valid if the conduct is "reasonably related" to either the crime for which the defendant was convicted or the defendant's "future criminality." (*Lent,* 15 Cal.3d at p. 486.)

We agree with Brown that the use of electronic devices is not itself criminal, nor do the People contest that the second prong of *Lent* is satisfied. We thus turn to the first and third prongs.

## A.

As to the first prong, Brown contends that, because her arrest was not based on anything found in the cell phones police seized from her, there is no relationship between the crimes of which she was convicted and the search condition. We, like the People, conclude otherwise.

Brown concedes there was evidence in the record that she received a phone call from her codefendant asking her to drive him to the victim's house. The People also argued evidence on the cell phones showed Brown discussed painting her vehicle and fleeing the jurisdiction. We therefore conclude the record contains sufficient evidence of a nexus between the probation condition and Brown's crimes. *Lent* prong one is thus unsatisfied. (See e.g.,

*People v. Patton* (2019) 41 Cal.App.5th 934, 943-946 [finding link between electronics search and grand theft sufficient to show nexus].)

B.

Although the first prong is dispositive of the challenged condition's validity (see *Olguin,* 45 Cal.4th at p. 379), the third prong further supports this conclusion. "*Lent*'s third prong requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Ricardo P.,* 7 Cal.5th at p. 1121.) The reasonableness of an electronic search condition depends on the facts and circumstances of each case. (*People v. Bryant* (2019) 42 Cal.App.5th 839, 845.) The court must consider whether "the burdens imposed by the condition are proportional to achieving some legitimate end of probation." (*Ricardo P.,* 7 Cal.5th at p. 1127.)

Here, Brown signed a waiver under *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*), agreeing that the court "may consider [her] prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation . . . or imposing sentence." Nonetheless, she argues the electronic search condition imposes a disproportionately heavy burden on her privacy interests because there is a lack of evidence electronic devices have any role in her future criminality and the search condition thus will not serve a rehabilitative function. We conclude otherwise.

Here, Brown's cell phone contained communications about fleeing the jurisdiction, as well as a search history for motels and bus routes. Also, Brown maintained regular communication with her codefendant using Facebook messenger, even after the murder. The People further note cell phones are commonly used in connection with narcotic-related crimes like the

5

theft at issue here. Although the instant crimes are Brown's first as an adult, the probation report evidences Brown's extensive history of substance use, starting at age 13, and her admission she would benefit from substance abuse treatment. Her use of illicit substances predates her juvenile robbery offense. Based on the facts of the instant offenses and Brown's history, the court could reasonably conclude Brown would continue to use electronic devices to plan and execute narcotic-related crimes. Accordingly, this case is distinguishable from *Ricardo P.*, on which Brown heavily relies, where our high court found prong three satisfied because "there [wa]s no suggestion in the record or by the Attorney General that [the defendant] ha[d] ever used electronic devices to commit, plan, discuss, or even consider . . . criminal activity." (See *Ricardo P.,* 7 Cal.5th at p. 1119.)

For these reasons, we are persuaded by the People's contention that the probation condition is related to Brown's future criminality, and on this record, the relationship is a reasonable one. Brown unquestionably has a legitimate privacy interest in her electronic devices and a Fourth Amendment right to be free from unreasonable searches. (See *Riley v. California* (2014) 573 U.S. 373, 403.) But probation is a privilege, not a right, and probationers can be required to waive or limit their constitutional rights in exchange for that privilege. (See *People v. Mason* (1971) 5 Cal.3d 759, 764-765.) Meanwhile, the state has a significant interest in deterring Brown's recidivism and keeping the public safe. (See *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) Here, the trial court reasonably concluded the burden imposed on Brown by the search term was proportionate to those legitimate state interests. (See *People v. Appleton* (2016) 245 Cal.App.4th 717,724.) Thus, the third prong of *Lent* is also unsatisfied.

6

*     *     *

In sum, we conclude that the trial court's imposition of the electronic search condition on Brown is not "'arbitrary or capricious'" or otherwise outside "the bounds of reason under the circumstances," because sufficient evidence underlies the trial court's decision and the first and third prongs of the *Lent* test are not satisfied.  (*Olguin*, 45 Cal.4th at p. 384.)

### III.

We affirm.  We note, however, that appellate counsel filed with this court a copy of a *Fares* letter transmitted to the trial court to inform it of a purported error in the calculation of Brown's presentence custody credits.  We judicially notice the *Fares* letter (Evid. Code, § 452(d)) and further note we have received no notice that the trial court has either amended or denied amendment of Brown's custody credits as a result.  To the extent it has not already done so, we remand this matter for the sole purpose of allowing the trial court to verify that proper custody credits were awarded and, if not, correct the award, issue an amended abstract of judgment, and forward a copy to the California Department of Corrections and Rehabilitation.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.


7